**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DEBRA LEGGINS,

        Plaintiff,

vs.                                                    Case No. 6:13-cv-232-Orl-37DAB

ORLANDO HOUSING AUTHORITY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant, Orlando Housing Authority's, Motion to Dismiss Verified Amended Complaint and Incorporated Memorandum of Law (Doc. 4), filed February 14, 2013; and

2. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 13), filed February 27, 2013.

Upon consideration, the Court hereby grants in part and denies in part Defendant's motion to dismiss.

**BACKGROUND**[1]

Plaintiff Debra Leggins was employed by Defendant Orlando Housing Authority from December 1999 until July 2011. (Doc. 2, ¶ 11.) In late 2008, Plaintiff was in her eighth year working as the Finance Director when Defendant promoted a less experienced male to the position of Chief Financial Officer ("CFO") instead of Plaintiff.

---

[1] These factual allegations are taken from the Verified Amended Complaint (Doc. 2) and construed for the purposes of considering the instant motion. *See Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

(*Id.* ¶¶ 11, 38.) In April 2009, that CFO became ill and Plaintiff took over his job duties. (*Id.* ¶ 39.) She continued to perform CFO duties after the CFO passed away on June 18, 2009. (*Id.* ¶ 40.) Plaintiff requested to receive the CFO salary, but Defendant only raised her pay by six percent, resulting in a salary that was still $35,000 less than the CFO salary. (*Id.* ¶ 41.) Plaintiff acted as the CFO until January 2011. (*Id.* ¶ 11.)

During her employment, Plaintiff also learned that Defendant "was misusing federal funds in several ways that amounted to violations of federal regulations." (*Id.* ¶ 15.) Plaintiff complained about the misuse of funds to Defendant's Chief Operating Officer and Chief Executive Officer on multiple occasions, and attempted to stop some of the abuses. (*Id.* ¶¶ 15, 18, 19, 22, 24, 28, 30, 33.) After Plaintiff complained, Defendant transferred her to the Sanford Housing Authority, restricted her computer access, and failed to promote her to the permanent CFO position. (*Id.* ¶¶ 20, 35.) On July 11, 2011, Defendant terminated Plaintiff's employment. (*Id.* ¶ 35.)

Plaintiff brought five claims against Defendant pursuant to three statutes: (1) retaliation, in violation of the federal False Claims Act (Count I); (2) sex-based wage discrimination (Count II) and retaliation (Count III), in violation of the federal Equal Pay Act; (3) and sex discrimination (Count IV) and retaliation (Count V), in violation of the Florida Civil Rights Act ("FCRA"). (Doc. 2.) Defendant moved to dismiss. (Doc. 4.) Plaintiff opposed. (Doc. 13.)

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are

2

not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

Defendant moves to dismiss on the grounds that: (1) Plaintiff's discrimination and retaliation claims under the FCRA are time-barred (Doc. 4, pp. 8–14); and (2) Plaintiff cannot obtain punitive damages under the False Claims Act (*id.* at 6–8), the Equal Pay Act (*id.* at 6–8), or the FCRA (*id.* at 13, 15).

**1. Time-Barring Under the FCRA**

"As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the [Florida Commission on Human Relations] within 365 days of the alleged violation." *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002) (citing Fla. Stat. § 760.11(1)). In their briefing on this motion, the parties agree that Plaintiff filed a complaint with the Florida Commission on Human Relations ("FCHR") on July 5, 2012. (Doc. 4, p. 9; Doc. 13, p. 2.) Plaintiff attached the FCHR complaint to her response to Defendant's motion to dismiss. (Doc. 13-1.) However, the date on which Plaintiff filed an FCHR complaint is not alleged in the Verified Amended Complaint. The Court will not incorporate the FCHR complaint into the Verified Amended Complaint because it is not central to Plaintiff's claim, even though it is undisputed. *See SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district

court may consider an extrinsic document if it is (1) central to the plaintiff's claim, *and* (2) its authenticity is not challenged." (emphasis added)).

The Court therefore has no basis on which to consider a time-barring defense, and the motion to dismiss is due to be denied as to the FCRA discrimination[2] and retaliation[3] claims. The issue of whether these claims are time-barred may be developed in discovery, and Defendant may raise this defense in a motion for summary judgment if the evidence demonstrates that no alleged violations occurred within 365 days of Plaintiff's filing of an FCHR complaint.

### 2. Punitive Damages Under the False Claims Act, the Equal Pay Act, and the FCRA

Defendant also argues that Plaintiff cannot obtain punitive damages under the False Claims Act (Doc. 4, p. 6), the Equal Pay Act (*id.* at 6–8), or the FCRA (*id.* at 13, 15). In her response, Plaintiff withdraws her claims for punitive damages under the

---

[2] Even if the Court were to incorporate the FCHR complaint, the Court would have to find, on the present record, that the discrimination claim is not time-barred. Plaintiff's discrimination claim is premised on the allegation that she performed CFO duties but was not compensated equitably with a male performing CFO duties.(Doc. 2, ¶ 55.) The Verified Amended Complaint alleges that she performed these duties until January 2011 (Doc. 2, ¶ 43); the FCHR complaint alleges that she performed CFO duties through July 11, 2011 (Doc. 13-1). Therefore, if the Court incorporated the FCHR complaint, it would have to consider both the January 2011 and July 11, 2011 dates. In the light most favorable to Plaintiff, the Court would construe Plaintiff to have performed CFO duties without commensurate pay through the later date, meaning a violation of the FCRA would have occurred within 365 days of the July 5, 2012 FCHR complaint date. Thus, even if the Court incorporated the FCHR complaint, the Court would construe Plaintiff's FCRA discrimination claim as not time-barred on the basis of the present allegations.

[3] Plaintiff's FCRA retaliation claim would also not be time-barred if the Court were to incorporate the FCHR complaint because Plaintiff's alleged July 11, 2011 termination date is within 365 days of the July 5, 2012 FCHR complaint date. While Defendant argues that its denial of the permanent CFO position to Plaintiff, the transfer of Plaintiff to another location, and the restricting of Plaintiff's computer access all occurred outside of the 365 day window (Doc. 4, p. 14), even if that were the case, Plaintiff's FCRA retaliation claim would still go forward based on the date of her termination.

Equal Pay Act and the FCRA. (Doc. 13, p. 5.) Additionally, while the U.S. Court of Appeals for the Eleventh Circuit has not squarely addressed this issue, the Court concludes that punitive damages are not available under the relevant anti-retaliation section of the False Claims Act, 31 U.S.C. § 3730(h). *See, e.g.*, *Neal v. Honeywell, Inc.*, 995 F. Supp. 889, 895–98 (N.D. Ill. 1998) (finding that punitive damages are unavailable under the anti-retaliation section of the False Claims Act); *Hammond v. Northland Counseling Ctr.*, No. CIV.5-96-353MJD/RLE, 1998 WL 315333, at *3–6 (D. Minn. Feb. 27, 1998) (same).

The anti-retaliation section of the False Claims Act enumerates specific forms of relief, but does not include punitive damages:

> Relief . . . shall include reinstatement with the same seniority status that employee . . . would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney's fees.

31 U.S.C. § 3730(h)(2). That Congress specifically spelled out the remedies for a violation of this section demonstrates that the remedies provided are exclusive. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975) ("The starting point in every case involving construction of a statute is the language itself."); *cf. Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616–17 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."). The Court therefore understands that Congress did not intend for a prevailing employee to receive punitive damages under this section. The Court will not rewrite the statute to provide a more expansive remedy that that enacted by the Congress.

Additionally, other sections of the False Claims Act do provide for punitive

damages. *See, e.g.*, 31 U.S.C. § 3729(a) (providing for civil penalties between $5,000 and $10,000 per false claim regardless of the damages actually sustained by the government). Because Congress provided for punitive damages in one section of the False Claims Act, the Court presumes that the absence of punitive damages in the anti-retaliation section was intentional.[4] *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation and internal quotation marks omitted)).

Finally, to the extent the absence of the remedy in the statutory language were not clear enough, the legislative history of the False Claims Act also supports the conclusion that Congress did not intend for punitive damages to be available under the anti-retaliation section. The original Senate version of the section provided for an award of "punitive damages if appropriate under the circumstances." S. Rep. No. 99-345, at 35 (1986). However, the version ultimately enacted omitted this proposed language.

Taking all of the above into account, the Court concludes that punitive damages are not available under the anti-retaliation section of the False Claims Act. Defendant's motion to dismiss is therefore due to be granted as to those portions of Plaintiff's Verified Amended Complaint alleging punitive damages. All claims for punitive damages under the False Claims Act, the Equal Pay Act, and the FCRA are hereby stricken.

## CONCLUSION

---

[4] It is also worth noting that Congress has provided for punitive, or exemplary, damages in other whistleblower statutes as well. *See* 15 U.S.C. § 2622(d) (control of toxic substances); 42 U.S.C. §§ 300j-9(i)(4) (public water systems), 5851(d) (nuclear whistleblower protection), 7622(d) (air pollution).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, Orlando Housing Authority's, Motion to Dismiss Verified Amended Complaint and Incorporated Memorandum of Law (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Plaintiff's claims for punitive damages. The motion is **DENIED** as to Plaintiff's wage discrimination and retaliation claims under the FCRA.

2. Plaintiff's claims for punitive damages under the False Claims Act, the Equal Pay Act, and the FCRA are **STRICKEN**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 11, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record